IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HAYDEN E. TOOLEY,<br><br>　　　　　Defendant. | CASE NO. 5:23-cr-0544<br><br>DISTRICT JUDGE<br>PAMELA A. BARKER<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

Under General Order 99-49, the Court referred this matter to me for the purpose of receiving, after consent, the Defendant's plea of guilty. The following, along with the transcript or other record of the proceedings submitted with this document, constitutes the Report and Recommendation concerning the Defendant's plea of guilty:

　　　　1.　On October 11, 2023, the Defendant, accompanied by counsel, consented to proceeding before a magistrate judge, waived indictment, and proffered a plea of guilty.

　　　　2.　The Defendant was examined as to his competency to participate in a plea proceeding and was found to be competent.

　　　　3.　The Defendant acknowledged understanding the nature of the charges contained in the indictment and the maximum possible sentence for those charges, including imprisonment, fine, and term of supervised release.

4. The Defendant was advised of his rights to plead not guilty; to trial; to confront and cross-examine adverse witnesses; to be protected from compelled self-incrimination; to testify; to present evidence; to present witnesses and to compel their presence; and to stand on or waive the privilege against self-incrimination. Defendant acknowledged understanding that on the Court's acceptance of a plea of guilty, he was waiving each of these rights. Defendant was also advised of his right to representation by counsel, including appointed counsel, at all stages of the proceedings.

5. The Defendant acknowledged understanding the Court's authority to order restitution and its obligation to impose a special assessment.

6. The Defendant acknowledged understanding the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

7. The Defendant acknowledged understanding the terms of the plea-agreement provision waiving his right to appeal or to collaterally attack the sentence the Court will impose.

8. The Defendant was advised that the government would have the right, in a prosecution for perjury, to use any statement he makes under oath.

9. The parties provided sufficient information about the charged offenses and the Defendant's conduct to establish a factual basis for the plea.

10. I questioned the Defendant under oath about the knowing, intelligent, and voluntary nature of his guilty plea, and find that the Defendant's plea was offered knowingly, intelligently, and voluntarily.

In light of the above and the record submitted herewith, all requirements imposed by the United States Constitution and Federal Rule of Criminal Procedure 11 have been satisfied. I therefore recommend that the plea of guilty be accepted and a finding of guilty be entered by the Court.

<u>s/James E. Grimes Jr.</u>
James E. Grimes Jr.
United States Magistrate Judge

Date: October 12, 2023

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019); *United States v. Droganes*, 728 F.3d 580, 586 (6th Cir. 2013).